IN THE
TWENTY-SECOND JUDICIAL CIRCUIT
OF MISSOURI

JEFFERY L. CRAWFORD,  )
      Plaintiff  )
   )
   )
   )   Case No.
vs.   )   Dated:
   )
   )
DIANE L. DRAGAN, el at.,  )
      Defendants.  )

## CIVIL ACTION LAWSUIT

    COMES NOW, Jeffery L. Crawford, pro se, an indigent inmate moves this Court to file this Civil Action Lawsuit against Ms. Diane L. Dragan for violation of her former client's Fifty, Sixth, Eighth and Fourteenth Amendments of the United States Constitutional rights from discrimination, when in fact Ms. Dragan had initiated a Federal Investigation of St. Louis Metropolitan Police Department's Officers Shell Sharp, and Mike Mathews in the same year of 2008 representing Mr. Crawford, which caused prosecutors dropping and dimissing criminal cases that depended upon the unreliable word of two St. Louis police officers that was accused of lying on search warrant applications, according to defense lawyers and court records. Plaintiff reason for this civil compaint states as follows:

PLAINTIFF'S COMPLAINT
(Jury Trial Demanded)

JURISDICTION AND VENUE
1. Jurisdiction is properly based upon a Diversity of Citizenship. The Plaintiff is a citizen of the State Of Missouri and the Defendants is a Citizen of the State of Missouri. The amount in controversy, without interest

and costs, exceeds the specified by 28 U.S.C. 1332.

2. The Twenty-Second Judicial Circuit of Missouri is the proper Venue for this cause pursuant to 28 U.S.C. 1391 a 2 in that it is the Judicial District in which a substantial violation of the events or omission giving rise to the Plaintiff's claim did occur.

## COUNT 1- LEGAL MALPRACTICE

3. The Defendants is an Attorney licensed to practice law in the State of Missouri and was appointed to represent Plaintiff who was a criminal defendnat in Federal Court Cases Number

4. At all times during Defendants representation of Plaintiff, plaintiff was forced to rely exclusively on Defendants to investigate his case, interview potential witnesses, obtain records and other legal documents, perform all necessary tasks in preparation for Plaintiff's defense, and provide the requisite effective assistance of counsel that Plaintiff is entitled.

5. The only evidence presented by the government at Plaintiff's pre-trial stages was unreliable witnesess, controdiction testimont that was contrary to the law and illagal invasion of privacy by using fruit of poison doctrine, by a illegal warrant placed on plaintiff to falsely arrest him. which the government's witnesses were no longer credible, according to City Attorney Jennifer Joyce and Jennifer Mathew .

6. In addition, Plaintiff provided the Defendants with names of indivduals

who would have tesified at Plaintiff's trial and who would have presented vital and exonerating evidence on Plaintiff's behalf. Plaintiff instructed the Defendants to contact those potential witnesses, to interview them, and to subpoena them to testify at Plaintiff's Evidentiary Hearing and at trial, and take pictures of the crime cesen and look at the time and dates of the government's pictures. Defendants made no attempt to conduct any investigation of the Detainer that was lodged on him, or interview those potential witnesess and Plaintiff was denied his Due Process rights, discriminating at this critiral stage, and denied exculpatory evidence of the Federal Investigation on the St. Louis Metropolitan Police Department Officers Shell Sharp and Mike Mathews, that was new development or newly discovery evidence that was also supported by City Circuit Attorney's office dismissed or dropped cases that had involed these two officers, and that was withheld by counsels.

7. Furthermore, Plaintiff instructed Defendants to obtain a copy of his property recipt of the illegal arrest on June 8,2007 and the testimony given to the grand jury by the government's witnesess. This testimony would have shown that these government's witnesses gave conflicting testimonies at pre-trail, evidentiary Hearing, and I was denied to confort my accusers at that time or they gave to the grand jury. The Defendant had informed Plaintiff that the prosecutor in his case had told him that he did not trust his own witnesses because they had repeadedly lied and changed their testimony. Upon discovering this, Plaintiff instructed Defendant to obtain this grand jury testimony and use it to impeach the credibility of the government's witnesess at Plaintiff's trial and Defendant failed to do so.

8. The government's case against the Plaintiff was not strong. During a

invasion search of Plaintiff's mother home June of 2007, and an illeage stop on April 1,2008 drving his car, no drugs, or other indicia of criminal activity were found, and Nov. 8,2007 his money was given back to him upon his release (5) or (6) hours later.

Furthermore, the government obtained no audio or video and failed to look at the chronological order of pictures as evidence, no fingerprints or DNA as evidence or any other physical evidence that could have been used to corroborate the testimony of the government's witnesses, which counsel also failed to challenge.

9. Plaintiff demands a jury trial.

## CONCLUSION

For all of the reasons stated herein Plaintiff asserts that Defendant's representation was inadequate and negligent, and constituted legal malpractice, resulting in Plaintiff's conviction at his criminal trial, the loss of his personal liberty, loss of income, and physical, emotional and mental pain <u>and suffering</u>.

THEREFORE, the Plaintiff demands Judgment against the Defendants for an amount sufficient to compensate for damages, and such other relief as may be appropriate whether or not specifically  for them to pay the court cost and any attorney's fee that may be granted.

Date: September 20,2011

Respectfully submitted,
*Jeffery L. Crawford*
Plaintiff, pro se
Jeffery L. Crawford
Reg #35243-044
Federal Corr. Complex Low
P.O. Box 9000-Low
Forrest City, AR 72336

*Form to be used by prisoners in filing a complaint under Bivens or lawsuit*

## In The Twenty-Second Judicial Circuit for Civil Courts for the St. Louis District of Missouri

_____22nd_____ DIVISION

CASE NO. _____

Jury Trial ☒ Yes ☐ No
(Check One)

Jury Trial Demanded

I. Parties

In item A below, place your <u>full</u> name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.

Name of plaintiff: JEFFERY LAMAR CRAWFORD
ADC # 35243-044

Address: Federal Correctional Complex Low, P.O. Box 9000-Low, Forrest City, AR 72336

Name of plaintiff: _____
ADC # _____

Address: _____

Name of plaintiff: _____
ADC # _____

Address: _____

In item B below, place the <u>full</u> name of the defendant in the first blank, his official position in the second blank, his place of employment in the third blank, and his address in the fourth blank.

B. Name of defendant: DIANE L. DRAGAN

Position: Federal Public Defender Attorney

Place of employment: Federal Public Defender's Office

Address: 1010 Market Street, Suite 200, St. Louis, MO 63101

Name of defendant: _____

Position: _____

Place of employment: _____

Address: _____

Name of defendant: _____

Position: _____

Place of employment: _____

Address: _____

Name of defendant: _____

Position: _____

Place of employment: _____

Address: _____

II.   Are you suing the defendants in:

☐   official capacity only
☐   personal capacity only
☒   both official and personal capacity

III.  Previous lawsuits

A   Have you begun other lawsuits in state or federal court dealing with the same   facts involved in this action?

Yes ___   No  X

B.  If your answer to A is yes, describe the lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

☐   Parties to the previous lawsuit:

Plaintiffs: _____

_____

Defendants: _____

_____

☐   Court (if federal court, name the district; if state court, name the county):

  ☐  Docket Number: _____

  ☐  Name of judge to whom case was assigned: _____

  ☐  Disposition: (for example: Was the case dismissed? Was it appealed? Is it still pending?) _____

  ☐  Approximate date of filing lawsuit: _____

  ☐  Approximate date of disposition: _____

IV. Place of present confinement: **Federal Corr. Complex, P.O. Box 9000-Low Forrest City, AR 72336**

V. At the time of the alleged incident(s), were you:
(check appropriate blank)

  **X** in jail and still awaiting trial on pending criminal charges

  ___ serving a sentence as a result of a judgment of conviction

  ___ in jail for other reasons (e.g., alleged probation violation, etc.) explain: _____

VI. The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, requires complete exhaustion of administrative remedies of all claims asserted, prior to the filing of a lawsuit. There is a prisoner grievance procedure in the **Missouri** Department of Correction, and in several county jails. Failure to complete the exhaustion process provided as to each of the claims asserted in this complaint may result in the dismissal without prejudice of all the claims raised in this complaint.

  · Did you file a grievance or grievances presenting the facts set forth in this complaint?

  Yes ___ No **X**

  · Did you completely exhaust the grievance(s) by appealing to all levels within the grievance procedure?

  Yes ___ No **X**

  If not, why? **In jail you can not write an grievance for**

<u>some one who does not work in the institution department.</u>

VII.  Statement of claim

State here (as briefly as possible) the <u>facts</u> of your case.  Describe how each defendant is involved.  Include also the names of other persons involved, dates, and places.  Do not give any legal arguments or cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  (Use as much space as you need.  Attach extra sheets if necessary.)

On June 12,2008, Plaintiff Jeffery Crawford was charged in a 3-count Federal Indictment for possession with intent to distribute crack cocaine. Federal Public Defender Diane Dragan was appointed on or about June 30,2008 to represent the Plaintiff. Count 1 occurred as a result of Plaintiff being arrested pursuant to a warrant having been placed against him based upon information provided by St. Louis Police Officers Shell Sharp and Mike Mathews. Count 2 and 3 were subsequently dismissed. Plaintiff eventually pleaded guilty to Count 1.  Prior to Plaintiff's guilty plea, counsel filed a Motion to Suppress Evidence and Statements. At the time counsel filed this Motion, she was aware that Officers Shell Sharp and Mike Mathews were under a Federal Investigation in 2008 for providing false information in order to obtain warrants. These investigations of new discovery evidence have resulted in numerous individuals being released from prison, or having their cases dismissed. Ms. Dragan was instrumental in the original discovery of Officers Shell Sharp and Mathews' corrupt activities. This is confirmed by numerous Newspaper Articles appearing in St. Louis Post-Dispatch, and other papers, and Reports issued by State and Federal Authorities. Counsel failed to present the evidence that Sharp and Mathews had falsified information to obtain warrants, to the Court during the Suppression Hearing and withdraw from the case Nov. 30,2008. Had counsel presented this evidence, Count 1, which was based upon a warrant issued pursuant to information provided by Sharp and Mathews, would have been dismissed, and Plaintiff would not now be serving a federal prison sentence. Counsel's negligent conduct is a proximate cause of Plaintiff's loss of Liberty resulting in severe damage to Plaintiff.

VIII. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

Plaintiff seeks Compensatory Damages from Defendant in the amount of $50,000.00 per year for each year of his incarceration, and Plaintiff seeks Punitive Damages from Defendant in the amount of $250,000.00, and his transcript in the case, and all of the information she had to show dates of the truth so she should pay all count and attorney's fee, and whatever additional relief this Court deems appropriate, like appointed Attorney to this case.

I declare under penalty of perjury (18 U.S.C. § 1621) that the foregoing is true and correct.

Executed on this 19 day of July, 20 11.

_Jeffery R. Crawford_
Signature(s) of plaintiff(s)